UNITED STATES, for Use of TILO ROOF-
ING CO., Inc., v. J. SLOTNIK CO. et al.

No. 1072.

District Court, D. Connecticut.

March 21, 1944.

Marsh, Day & Calhoun, of Bridgeport, Conn., for plaintiff.

Wiggin & Dana, F. H. Wiggin, and Catherine J. Tilson, all of New Haven, Conn., and Withington, Cross, Park & Mc-Cann, and Claude B. Cross, all of Boston, Mass., for defendants.

HINCKS, District Judge.

At the hearing the parties stipulated that the court might take the immediate controversy as if presented on an original application for the subpoena, after notice.

 On this basis, I rule that the defendants are entitled to a subpoena covering the 22 items of their original application (which was filed February 3, 1944), except items 5, 7, 13, 14, 15 and 17. Item 19, however, is allowed only subject to this limitation, viz: that it be confined to the correspondence pertaining to the specified Walker Company contract; its call for "information" is too broad. And item 22 is allowed only subject to the limitation that the accounting records sought shall be those supporting or tending to support plaintiff's claim of $144,000 damages.

 To the extent that the deponent refused to submit to examination upon the material covered by the subpoena, I must rule that his position was not justified under the applicable rules. To be sure, a subpoena commands only that the witness bring the specified material; if the subpoena is returnable to the court its mandate may be supplemented by the order of the judge, usually oral, for its inspection and use. And when the subpoena is returnable upon a notice of deposition, under Federal Rules of Civil Procedure, rule 45(d) 28 U.S.C.A. following section 723c, it "shall not be used without an order of the court." But here

the court had given its order which was endorsed upon the application for the subpoena.

It is objected that the order of court was issued ex parte, without notice. But Rule 45 does not expressly require that such an order shall issue only on notice. And on the whole I think such a requirement is not to be implied. Under Rule 7 of this court the order may issue ex parte. Although, as I indicated at the hearing, there has been some question as to whether Rule 7 is invalid as inconsistent with F.R.C.P., I incline to the view that there is no such inconsistency.

Merely because Rule 34 conditions the production of documents by the party upon a motion after notice it does not follow that Rule 45, providing for subpoenas to witnesses who may or may not be parties, contemplates that the writ shall issue only after notice. Instead, it is more plausible to believe that the express provision of Rule 45(b) for motions to quash the subpoena was intended as a substitute, rather than an auxiliary, safeguard for the advance notice required under Rule 34. For the order under Rule 34 may call for forthwith compliance giving no opportunity for relief if the order is too broad. Hence the need for advance notice. But the subpoena necessarily issues in advance of a stated return date and the intervening period generally furnishes opportunity to present a motion to quash if ground exists therefor. In this respect, the situation which exists on the issue of a subpoena more nearly resembles that attending the service of interrogatories under Rule 33, than that attending an order to produce under Rule 34. Certainly plaintiffs here, if they felt the subpoena was too broad, had ample opportunity to raise the point by a motion to quash under Rule 45(b).

Under the circumstances I must rule that the travel expenses of defendants' counsel to the abortive hearing of February 21, 1944, and also the reporter's fee, should be taxed against the plaintiff irrespective of the outcome of the case.

If any more specific order in the premises is deemed desirable, an appropriate order may be submitted for entry on notice. Otherwise, and until a more specific order shall be submitted, in accordance with the rulings indicated above, it is ordered accordingly.